UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID BRYAN and KIERRA THOMAS,**

      **Plaintiffs,**

v.                                                                                  Case No: 6:24-cv-641-PGB-DCI

**CITY OF ORLANDO,**

      **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiffs' Motion to Proceed In Forma Pauperis (Doc. 2)
>
> **FILED:** April 9, 2024
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

David Bryan ("Bryan") and Kierra Thomas ("Thomas") (collectively "Plaintiffs"), proceeding *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1 (the Complaint). Plaintiffs have also filed an Application to Proceed in District Court without Prepayment of Fees or Costs, which is construed as a Motion for Leave to Proceed *In forma Pauperis*. Doc. 2 (the Motion). Plaintiffs' filings are deficient for a few reasons.

First, Plaintiff Thomas did not sign the Complaint. Federal Rule of Civil Procedure 11 requires that "[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number."

Fed.R.Civ.P. 11(a).  *See Perez v. Onewest Bank*, 2014 WL 12873173, at *1 (M.D. Fla. Mar. 13, 2014) (finding that each of the plaintiffs must sign all filings with the court) (citing *Day v. Wall*, 2008 WL 4773054, at *1 (D.R.I. Oct. 30, 2008) (noting that Rule 11 requires parties not represented by an attorney to sign every pleading, written motion, and other paper and "[i]n the case of multiple *pro se* plaintiffs, each plaintiff must sign each pleading, written motion and other paper").

Also, "Federal Rule of Civil Procedure 17(a) requires each plaintiff to be named individually; furthermore, because a non-lawyer cannot represent another person, each person must sign the [pleading] and represent themselves."  *Family v. CVS Health Corp.*, 2022 WL 3924141, at *1 (M.D. Fla. Aug. 31, 2022) (citing 28 U.S.C. § 1654) ("[P]arties may plead and conduct their own cases personally or by counsel[.]"); *FuQua v. Massey*, 615 F.App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se*. . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others.") (citations omitted)).  Since Plaintiff Bryan is not an attorney, is proceeding *pro se*, and is the only signatory to the Complaint, the undersigned recommends that the pleading was improperly filed on behalf of another *pro se* litigant—Plaintiff Thomas—and requires amendment.

Second, Plaintiff Bryan cannot sign a request to proceed as a pauper on behalf of both Plaintiffs.  While the Motion lists "David Bryan, Kierra Thomas" as the "Plaintiff/Petitioner," it appears that Plaintiff Bryan is the only party to sign the document. Doc. 2 at 1.  Plaintiffs' attempt to submit one application to proceed without prepayment is improper.  *See Burnett v. Invitation Home*, 2020 WL 13119056, at *1 (M.D. Fla. Sept. 18, 2020) (finding that the plaintiff must submit her own motion if she seeks to proceed *in forma pauperis*) (citing *Buhlman v. Harris*, 2017 U.S. Dist. LEXIS 155290, at *1-2 (M.D. Fla. Aug. 1, 2017) (". . . it is improper for multiple *pro se* non-

prisoner plaintiffs to obtain *in forma pauperis* status on behalf of only one plaintiff. . ..."); *see also Curry v. Ocwen Loan Servicing*, 2017 WL 10671174, at *2 (N.D. Ga. Nov. 27, 2017) ("Although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma paupers*, each plaintiff must qualify for IFP status."). Since the Court cannot ascertain whose financial information is included in the request, the undersigned recommends that the Motion be denied.

Finally, the Federal Rules of Civil Procedure require that all pleadings must include a mailing address. *See* Fed.R.Civ.P. 11(a). Plaintiffs have not provided a mailing address and have indicated that they are homeless. Doc. 2 at 5. Even so, the undersigned recommends that Plaintiffs be directed to check the status of their case to ensure compliance with Court orders and to otherwise litigate the matter. *See Pearson v. Desantis*, 2020 WL 3962253, at *1 (M.D. Fla. July 13, 2020) (directing a plaintiff to visit the clerk's office to regularly check the status of the case to avoid potential dismissal for the failure to prosecute) (citations omitted).

Based on the foregoing, it is **RECOMMENDED** that:

1. the Complaint (Doc. 1) be **DISMISSED without prejudice** and Plaintiffs be directed to file an Amended Complaint signed by each Plaintiff;

2. the Motion (Doc. 2) be **DENIED without prejudice** and Plaintiffs be directed to either pay the filing fee or be directed to each file their own motion for leave to proceed *in forma pauperis*; and

3. Plaintiffs be directed to either provide an address at which they can receive mail (or an email address at which each of them can receive electronic notifications) or file a notice certifying that they each will regularly check the status of the case with the Clerk's Office or online. Plaintiffs are reminded that the deadlines set forth in the rules and orders of this Court will control their obligations in this case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on April 15, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy