# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID BRYAN and KIERRA THOMAS,**

        **Plaintiffs,**

**v.**                                                **Case No: 6:24-cv-641-PGB-DCI**

**CITY OF ORLANDO,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Strike Defendant's Answer (Doc. 53)
>
> **FILED:** July 5, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

### I. Background

On April 9, 2024, Plaintiffs, proceeding *pro se*, filed their original complaint against Defendant alleging various constitutional violations. Doc. 1. On June 4, 2024, Plaintiffs filed their Second Amended Complaint. Doc. 38 (the SAC). In the SAC, Plaintiffs alleged a Fourth Amendment violation, a Fourteenth Amendment Due Process violation, a Fourteenth Amendment Equal Protection violation, and a fourth count of selective enforcement. *Id.* at 5-6. The allegations stem from the seizure and destruction of 950 pounds of supposedly legal industrial hemp. *Id.* at

3.[1]   On July 1, 2024, Defendant provided their Answer and Affirmative Defenses.  Doc. 48. Thereafter, Plaintiffs filed the instant Motion to Strike to Defendant's Answer.  Doc. 53 (the Motion).  On July 19, 2024, Defendant filed a response in opposition to the Motion.  Doc. 63.

For the reasons stated herein, the Motion is denied.

### II.   Legal Standard

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The court enjoys broad discretion in determining whether to grant or deny a motion to strike."  *Bernath v. Seavey*, 2017 WL 1743285, at * (M.D. Fla. May 4, 2017) (citation omitted).  But a motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).  "Because this is a difficult standard to satisfy, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" *E.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *1 (M.D. Fla. Nov. 8, 2013) (citation omitted).

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b).  Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any

---

[1] In 2018, the President signed into law the Agriculture Improvement Act, colloquially known as the 2018 Farm Bill.  The 2018 Farm Bill amended the Controlled Substances Act to exclude hemp from the definition of marijuana.  *See* Pub. L. 115-334, 132 Stat. 4490.  Both hemp and marijuana originate from the plant *Cannabis sativa L.*  However, hemp has a tetrahydrocannabinol (THC) concentration of 0.3% or less.  *See* 7 U.S.C. § 1639o(1).

additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered time wasters). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (citation omitted). "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id*. (citation omitted).

Courts are split regarding whether the pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) applies to affirmative defenses. However, the Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses. *See e.g.*, *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *2-3 (M.D. Fla. Nov. 8, 2013); *Adams*, 2011 WL 2938467, at *2-4.

### III. Discussion

Plaintiffs argue that Defendant's Answer should be stricken because the Answer "largely consists of general denials and fails to address the specific allegations made in the Plaintiffs'

Amended Complaint." Doc. 53 at 2. However, Rule 8(b) merely requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Defendant's Answer does just that. Plaintiffs have not met their burden of establishing that Defendant's Answer has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice Plaintiffs. *See Reyher*, 881 F. Supp. at 576.

Plaintiffs also contend that the Answer should be stricken because the defenses asserted by Defendant are not supported by specific facts or legal arguments. Doc. 53 at 2. "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (citation omitted). "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id*. (citation omitted). Here, Defendant asserts 15 distinct affirmative defenses. *See* Doc. 48 at 4-5. Upon review of these affirmative defenses, the Court finds that they are not "patently frivolous" not "clearly invalid as a matter of law." "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan*, 842 F.2d at 263 (11th Cir. 1988). Defendant's Answer and Affirmative Defenses adequately put Plaintiffs on notice of issues that may be raised at trial or in other dispositive motions.

Additionally, with discovery ongoing, the Court finds that it is premature to determine whether Defendant's defenses and denials are "insufficient" as a matter of law, and thus Plaintiff's Rule 12(f) motion is due to be denied at this stage. *See Adams*, 2011 WL 2938467, at *2 (declining to make a Rule 12(f) decision on the merits of affirmative defenses while discovery remained

ongoing); *see also Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc.*, 488 F. App'x 430, 434 n.2 (11th Cir. 2012) (observing that resolution of a Rule 12(f) motion is left to the sound discretion of the district court).  The Court declines to exercise the "drastic remedy" of striking Defendant's affirmative defenses at this stage.

IV.   **Conclusion**

Accordingly, the Motion (Doc. 53) is **DENIED**.

**ORDERED** in Orlando, Florida on August 7, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties