UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID BRYAN and KIERRA THOMAS,**

        **Plaintiffs,**

v.                                                Case No: 6:24-cv-641-PGB-DCI

**CITY OF ORLANDO,**

        **Defendant.**

## ORDER

Plaintiffs have filed a "Motion to Exclude Scientific Evidence Pursuant to Daubert Standard." Doc. 97 (the Motion to Exclude). Defendant has filed a Response in Opposition to the request. Doc. 99. Plaintiffs also file a "Motion for Cost-Shifting of Mediation Expenses." Doc. 98 (the Motion for Cost-Shifting). Defendant has not filed a response to the Motion for Cost-Shifting, and the time for doing so has elapsed. The Motions are, therefore, ripe for consideration. While the Motions are unrelated, the Court will address both in this Order.

    **I.**    **Plaintiffs' Motion to Exclude**

Plaintiffs state that "pursuant to Federal rule of evidence 702 in lue [sic] of the federal Daubert standard," they seek "to exclude scientific evidence provided by the Florida Department of Law Enforcement (FDLE) and the Florida Department of Agriculture and Consumer Services (FDACS)." *Id*. Plaintiffs contend that the evidence lacks scientific reliability and relevance. *Id*.

Defendant argues that the Court should deny the request because it is premature and improperly seeks to exclude evidence instead of expert testimony. Doc. 99.[1]

The Court agrees that the Motion to Exclude is due to be denied at this juncture. As an initial matter, Defendant is correct that Plaintiffs' reliance on Rule 702 appears misplaced. Plaintiff seeks to exclude the FDLE and FDACS reports but Rule 702 relates to expert witness testimony and opinions. It is not clear how Rule 702 forms a basis for Plaintiffs' requested relief.

Even so, assuming with liberal construction that Plaintiffs properly raise the challenge under *Daubert* and the Federal Rules of Evidence, the request is premature. As one court explained:

> "Courts use the term 'motion in limine' to refer to a motion to exclude or admit anticipated 'evidence before the evidence is actually offered.'" *See Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. Jan. 28, 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)). The purpose of such a motion is to "afford[] a trial court an opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Id*. (emphasis added) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). Thus, "[a] party generally should file a motion in limine only when a trial is imminent." *Id*. (emphasis added).

*Makere v. Allstate Ins. Co.*, 2021 WL 5926328, at *1 (M.D. Fla. Nov. 29, 2021) (citing *Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. Jan. 28, 2020) (quoting *Luce v. United States*, 469 U.S. 38, 401 n.2 (1984)).

Here, Defendant has not yet relied on the reports in any manner, nor is it clear that Defendant will do so at trial or in support of a dispositive motion. The Court entered the Case Management Scheduling Order, Defendant has submitted an Answer, and the parties are still

---

[1] Defendant argues that Plaintiffs are not making a *Daubert* challenge under Rule 702 because they do not question the analysts' qualifications, skills, or opinions but the methodology in testing the relevant substances. *Id*. at 5. Defendant also states that it has not yet disclosed any experts, provided an expert report, nor has it "put forth the reports being challenged by Plaintiffs." *Id*.

engaged in discovery, with a discovery deadline of January 6, 2025, an expert disclosure deadline of December 2, 2024 for Defendant, and a deadline for filing *Daubert* and dispositive motions of February 3, 2025. Once Defendant makes expert witness disclosures (assuming it does), Plaintiff may file a *Daubert* motion within the February 3, 2025 deadline. Indeed, Defendant asserts in its response that, "Defendant has not yet disclosed any experts, provided any expert reports about opinions related to this case, or even put forth the reports being challenged by Plaintiffs." Doc. 99 at 5. Until expert disclosures are made, the *Daubert* motion is premature. *See Makere*, 2021 WL 5926328, at*1 (finding that after the court resolves the dispositive motions, the plaintiff may renew the motion in limine if issues remain for trial and the plaintiff still has an objection) (citing *Whidden*, 334 F.R.D. at 324 ("Plaintiff should not file another motion in limine at least until all dispositive motions have been adjudicated by this court.")).

The Motion to Exclude is premature for another reason. Plaintiffs seek to exclude the FDLE report because the results are allegedly based on an improper interpretation of statutory language, the FDLE's "testing process artificially inflates the Delta-9 THC concentration, rendering the FDLE results scientifically unreliable and misleading," and the results "do not provide a quantitative Delta-9 THC analysis on a dry-weight basis." Doc. 97 at 2 to 5. Plaintiffs also contend that the FDACS results are based on an improper analysis and the "methodology is scientifically unreliable and irrelevant under the law." *Id*. at 5. The current record, however, does not allow the Court to determine the admissibility of either report based on the challenged methodology. "'A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds.'" *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (quoting *Luce*, 469 U.S. at 41). Plaintiffs only support for the requested relief is a document entitled "Accurate THC Determinations in Seized Cannabis Samples for

Forensic Laboratories" purportedly authored by Walter Brent Wilson. Doc. 97 at 11 to 37. Plaintiffs' reference to this "research paper" does not assist the Court, and a review of the document does not convince the Court that there is a basis to exclude the challenged evidence. In short, the parties should be permitted to further develop the record. *See Staller v. Circle K Stores, Inc.*, 2021 WL 5015623, at *2-3 (deferring ruling on a plaintiff's request to exclude a defendant's expert because the record was not fully developed regarding the expert's qualifications or the methodology used to formulate an opinion and it would be premature to exclude the opinion); *Schutz v. Oliveras*, 2021 WL 9794786, at *1 (M.D. Fla. May 7, 2021) (finding that it would be premature to exclude evidence because the record was not developed) (citing *In re Am. Airlines Flight 331*, 2013 U.S. Dist. LEXIS 208431, at *3 (S.D. Fla. Sept. 3, 2013) (denying a *motion in limine* as premature and noting that "[e]videntiary issues are more appropriately addressed after the record has been more fully developed.")).

Finally, prematurity aside, Plaintiffs' Motion to Exclude is largely based on conclusory statements with no legal support. Plaintiffs generally cite to Daubert, Florida's adoption of that standard, and Florida's statutory definition of "hemp," but Plaintiffs provide inadequate authority for the Court to exclude the evidence. Should Plaintiffs renew the request to exclude evidence, Plaintiffs should submit a legal memorandum in support of the request. *See* Local Rule 3.01(a).

**II.     Plaintiffs' Motion for Cost-Shifting**

Plaintiffs claim to have financial constraints and request that the Court order Defendant to bear the costs associated with mediation. Doc. 98 at 2. Plaintiffs argue that Defendant's actions have left them without financial resources and the Court should shift the cost of the mediation to Defendant. *Id*. at 4. As a basis for relief, Plaintiffs cite to the Court's ability to issue protective orders under Federal Rule of Civil Procedure 26(c) and refer to a few cases wherein courts

considered shifting certain costs. *Id*. at 4 to 5 (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Marek v. Chesny*, 105 S.Ct. 3012 (1985)).

Even though Defendant has not filed a response to the Motion for Cost-Shifting and, therefore, it is deemed unopposed, the Court is not convinced that relief is warranted. The cases Plaintiffs rely upon do not relate to mediation and do not otherwise persuade the Court that Defendant should solely bear the cost of the upcoming mediation.[2] The Court is also not persuaded that Plaintiffs should be protected from the "undue burden or expense" of the mediation pursuant to Rule 26. Without more, the Court sees no reason to alter the Case Management Scheduling Order. Doc. 47 at 15 ("Unless altered by order of the Court, the cost of the mediator's services shall be borne equally by the parties to the mediation conference."). Since Plaintiffs have not provided a sufficient legal basis for relief, the request is denied.

Based on the foregoing, it is **ORDERED** that:

1. Plaintiffs' Motion to Exclude (Doc. 97) is **DENIED without prejudice**; and

2. Plaintiffs' Motion for Cost-Shifting (Doc. 98) is **DENIED**.

**ORDERED** in Orlando, Florida on November 4, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] *Oppenheimer Fund*, 437 U.S. at 359 (considered cost-shifting in the context of a disclosure of information for the purpose of class notification under Federal Rule of Civil Procedure 23); *Zubulake*, 217 F.R.D. 309 at 311 (addressed cost-shifting in the context of a plaintiff's motion to compel a defendant to produce emails during discovery at its own expense); *Marek v. Chesny*, 105 S.Ct. at 3018 (finding that attorney fees are subject to the cost-shifting provision of Federal Rule of Civil Procedure 68).