UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID BRYAN and KIERRA THOMAS,**

    **Plaintiffs,**

                                                    Case No.        6:24-cv-00641-PGB-DCI

v.

**CITY OF ORLANDO,**

    **Defendant.**

_____/

### PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

Plaintiffs David Bryan and Kierra Thomas, pro se, move pursuant to Fed. R. Civ. P. 37(e) and this Court's inherent authority for severe sanctions against Defendant City of Orlando for the intentional, bad-faith destruction of approximately 950 pounds of seized hemp — **the sole physical evidence capable of proving its legality under the 2018 Farm Bill.**

The City handled the evidence according to Official policy (i) Training Bulletin TB-1914.0 admitting officers, K-9s, and field tests "will be difficult… to distinguish legal cannabis (hemp) from illegal cannabis (marijuana)" yet instructing seizure based solely on non-scientific factors (quantity, packaging, criminal history), (ii) an FDLE laboratory report stating the sample **"cannot exclude hemp as defined by FS 581.217,"** and (iii) Sgt. Nitza Maldonado's official supplemental report (OPD Case Supp 2022-00040795) admitting FDLE was **"unable to determine the THC levels"** and that she personally authorized destruction of all 950 pounds

1

based solely on a flawed interpretation **15-month-old Oregon COA (packaging material)** — a document neither federal nor Florida law recognizes as dispositive for possession or transport. Sgt. Maldonado's actions were not rogue or negligent; they were the direct, predictable, and intended result of the City's official policy of arbitrary enforcement when scientific certainty is impossible.

The City's own litigation positions further confirm bad faith. In its Motion for Summary Judgment, the City explicitly concedes that the federal legality of the seized hemp is "disputed," acknowledging the absence of any definitive federal determination that the material was unlawful. Yet in the same filing, the City asserts scientific certainty under Florida law, claiming the material was definitively illegal marijuana. These positions are irreconcilable. The City's own records show that no such certainty ever existed: the FDLE laboratory report states FDLE was "unable to determine the THC levels" and "cannot exclude 'Hemp' as defined in F.S. 581.217," and Sgt. Maldonado's supplemental report confirms those same inconclusive findings. No FDACS-approved laboratory ever tested a single gram; no quantification of delta-9 THC or total THC exists anywhere in the record. The City's attempt to simultaneously admit uncertainty while claiming scientific definiteness—despite having no THC measurement and expressly inconclusive results—demonstrates that its destruction decision and subsequent representations to this Court were not based on evidence but on speculation and post-hoc rationalization. This internal contradiction is direct evidence of intentional misconduct supporting sanctions under Rule 37(e)(2) and the Court's inherent authority.

The City then weaponized the destruction **by using the absent evidence to pursue felony conspiracy-to-traffic charges filed/amended fourteen days after Plaintiffs initiated this federal lawsuit, additional sale-and-delivery charges, search warrants, and a civil forfeiture**

2

action i.e *$154,214.18 U.S. CURRENCY FROM FIRST HORIZON BANK ACCOUNTS ENDING IN -9536 AND -9438, $67,400.00 U.S. CURRENCY, 2013 PORSCHE VIN #WP0AA2A78DL015648 & 2015 LEXUS VIN #JTHBK1GGF2154200* **every one of which collapsed via nolle prosequi and voluntary dismissal the moment the evidence gap was exposed.**

Training Bulletin TB-1914.0 encouraged this arbitrary enforcement by directing officers to seize and make arrests based on subjective, non-scientific factors like quantity (950 pounds here), packaging (including reliance on a stale COA as "documentation"), and criminal history—standards the policy itself admits are unreliable substitutes for lab testing, inviting discriminatory application in violation of due process. See *Papachristou v. City of Jacksonville,* 405 U.S. 156, 170 (1972) (striking down policy for "encourag[ing] arbitrary and erratic arrests"); *Kolender v. Lawson,* 461 U.S. 352, 358 (1983) (voiding enforcement standard lacking "minimal guidelines" to prevent arbitrariness).

The City also had notice of the applicable testing requirements prior to authorizing destruction. Records reflect that Sgt. Maldonado communicated and "Worked" with Deputy Director Bryan Benson of the Florida Department of Agriculture and Consumer Services — the agency legally responsible for hemp regulation and compliance testing in Florida. FDACS publicly maintains the list of designated laboratories authorized to perform confirmatory THC analysis under § 581.217, and its testing requirements are a matter of regulatory record. During a conference call May 12, 2022 call, Deputy Director Benson further stated that FDACS requires confirmatory laboratory testing before enforcement action may occur, underscoring that neither appearance, odor, nor documentation alone is sufficient to determine legality.

3

Despite this notice, the City relied on a stale 2020 vendor-provided COA and an inconclusive FDLE report and proceeded to destroy approximately 950 pounds of evidence without ever submitting a single sample to a FDACS-authorized laboratory capable of legally determining THC concentration. The failure to utilize the required testing process — particularly after direct engagement with the state's regulatory authority — demonstrates that the destruction was not a mistake, but a deliberate disregard of known legal requirements.

## RELIEF REQUESTED

Plaintiffs respectfully request relief narrowly tailored to cure the irreparable prejudice caused by Defendant's destruction of the only physical evidence capable of resolving the central disputed issue in this case: whether the seized material was lawful hemp or illegal marijuana.

This request is not punitive. It seeks to restore fairness, protect the integrity of the adjudicative process, and ensure that the case can be resolved on reliable evidence consistent with Federal Rule of Civil Procedure 1.

### A. Findings Necessary to Preserve the Integrity of the Record

Plaintiffs respectfully request that the Court make express findings that:

1. The seized cannabis existed and constituted the central and dispositive evidence relevant to Plaintiffs' constitutional claims;

2. Defendant had a duty to preserve the evidence because litigation was pending or reasonably foreseeable at the time of destruction;

3. Defendant destroyed the evidence after receiving laboratory results that expressly could not determine THC concentration or exclude lawful hemp;

4. No scientifically reliable substitute exists for determining the legal status of the destroyed material; and

5. Plaintiffs suffered irreversible prejudice as a result of the destruction, which cannot be cured through testimony, photographs, reports, or argument.

Such findings are necessary to protect the integrity of the record and ensure that subsequent proceedings are conducted on a fair and accurate evidentiary foundation.

### B. Targeted Evidentiary Sanctions Required to Cure Irreparable Prejudice

Because Defendant's conduct permanently foreclosed scientific determination of the seized material's legality, Plaintiffs respectfully request the following evidentiary sanctions:

1. Adverse Inference

    The Court should instruct that laboratory testing of the destroyed material would have

5

Case 6:24-cv-00641-PGB-DCI    Document 172    Filed 12/16/25    Page 6 of 8 PageID 1234

favored Plaintiffs' position regarding the legality of the seized hemp.

2. Issue Preclusion

   Defendant should be precluded from arguing or implying that the destroyed material was illegal marijuana or contraband.

3. Evidentiary Preclusion

   Defendant should be prohibited from offering or relying upon the following as substitutes for the destroyed physical evidence:

   - Officer opinions or testimony concerning legality;

   - Field tests or presumptive testing;

   - Photographs of the destroyed material;

   - FDLE or other reports unable to quantify THC concentration;

   - Certificates of Analysis or images thereof not derived from law-enforcement-controlled sampling.

favored Plaintiffs' position regarding the legality of the seized hemp.

2. Issue Preclusion

   Defendant should be precluded from arguing or implying that the destroyed material was illegal marijuana or contraband.

3. Evidentiary Preclusion

   Defendant should be prohibited from offering or relying upon the following as substitutes for the destroyed physical evidence:

   - Officer opinions or testimony concerning legality;
   - Field tests or presumptive testing;
   - Photographs of the destroyed material;
   - FDLE or other reports unable to quantify THC concentration;
   - Certificates of Analysis or images thereof not derived from law-enforcement-controlled sampling.

4. Burden Preclusion

Defendant should not be permitted to place upon Plaintiffs the burden of proving THC concentration or legality when Defendant destroyed the only evidence capable of doing so.

These remedies are directly proportional to the prejudice caused and are necessary to ensure the case is adjudicated on reliable evidence rather than speculation.

## C. Conditional Dispositive Relief if Lesser Sanctions Are Insufficient

If the Court determines that the foregoing remedies are insufficient to cure the prejudice caused by Defendant's destruction of evidence, Plaintiffs respectfully request entry of default judgment or, alternatively, a finding that liability is established for Count II (Fourteenth Amendment Violation) as requested in Plaintiffs' Motion for Partial Summary Judgment, or such other dispositive relief as the Court deems just and appropriate.

## D. Further Relief

Plaintiffs also request such additional relief as the Court deems equitable and necessary to restore fairness, including costs and fees incurred in addressing Defendant's spoliation.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), On November, 20th via Email the undersigned certifies that a good faith effort was made to confer with the opposing party , and the parties were unable to resolve the issues raised in this motion seeing that the disputed evidence was destroyed by the defendants on November 17, 2022.

## CERTIFICATE OF SERVICE

I hereby certify that on **December 15, 2025**, the foregoing **Motion For Sanctions For Spoliation Of Evidence** was served upon the opposing party's attorney via electronic mail (Matthew Carson, Mcarson@sniffenlaw.com) in accordance with the rules of service.

/s/David Bryan

David Bryan

XerviousFinesse@gmail.com

320 N hart Blvd

6892679791

/s/Kierra Thomas

Kierra Thomas

Kierrat555@gmail.com

320 N hart Blvd

6892679823

8